IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 21-389 |
| | ) |
| DEVON WHITE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I.      Introduction

Pending before the court is a pro se motion for early termination of supervised release[1] filed by defendant Devon White ("White") (ECF No. 80). White argues that his term of supervised release should be terminated because he: (1) complied with his conditions of release, including negative drug tests; (2) actively participated in community activities, tried to be a good influence and is committed to his rehabilitation; (3) is genuinely remorseful; and (4) is finding it difficult to find a job in the medical field.

The government filed a response in opposition (ECF No. 83), contending that early termination of White's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a). White's motion for early termination of supervised release is fully briefed.

### II.     Procedural History

On September 23, 2021, White pleaded guilty to conspiracy to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine in

---

[1] White captioned his motion as one for early termination of "probation," but it is clear that he is now serving a 3-year term of supervised release after completing the term of imprisonment of 1 year and 1 day imposed on March 4, 2022 (Judgment, ECF No. 72).

January 2021, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846.  White's advisory guideline range of imprisonment was 30-37 months.  On March 4, 2022, this court sentenced White to a term of imprisonment of 1 year and 1 day, followed by a term of supervised release of 3 years.  The prison term represented a substantial downward variance from the guideline range.  The term of supervised release of 3 years was the statutory mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)(C). White has completed roughly half his term of supervised release, which expires on December 29, 2025.

White was released from prison in December 2022.  Jurisdiction over his supervised release was transferred from this court to the United States District Court for the Southern District of Texas ("Southern District of Texas") on October 31, 2023 (ECF No. 78).  On November 17, 2023, the Southern District of Texas accepted and assumed jurisdiction over White (ECF No. 79).  The transfer order provided, in relevant part:  "This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court."  (ECF No. 79).

### III.   Jurisdiction

The court must first determine, sua sponte, whether the motion for early termination of supervision is properly before this court.   There was an actual transfer of jurisdiction over White's supervised release in this case, which was accepted by the Southern District of Texas (ECF Nos. 78, 79).  *See United States v. Johnson*, 861 F.3d 474, 480 n. 18 (3d Cir. 2017) (explaining the distinctions between "courtesy supervision"; longer-term "transfer of supervision" without transfer of jurisdiction; and official transfer and acceptance of jurisdiction).

The government, in its response to White's motion, did not contest this court's exercise of jurisdiction.

The transfer of jurisdiction over White's supervised release was made pursuant to 18 U.S.C. § 3605.  That statute provides, in relevant part:  "A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227."  Motions for early termination of supervised release are analyzed pursuant to 18 U.S.C. § 3583(e), which is in chapter 227, subchapter D.

In *United States v. Adams*, 723 F.3d 687, 689 (6th Cir. 2013), the court explained that § 3605 "was intended to permit the transferee court 'to exercise all the powers over the ... releasee that are permitted' by the statutes dealing with supervised releasees."  *Id.* at 689 (citing *United States v. Fernandez*, 379 F.3d 270, 275 (5th Cir. 2004) (quoting S. REP. NO. 98–225, at 132 (1984)).  The court concluded that transferee courts possess "power to terminate or reduce the conditions of supervised release."  *Id.*  The Southern District of Texas, therefore, has jurisdiction to consider White's request for early termination of his supervised release pursuant to § 3605.

The court concludes that this court no longer has jurisdiction over White's request.  In *United States v. Goddard*, No. CR 5:07-134-DCR, 2021 WL 4189606 (E.D. Ky. Sept. 14, 2021), the court explained:  "Once the transfer is effected, the transferor court no longer has jurisdiction to exercise the powers that may be exercised by the transferee court." *Id.* at *1 (quoting *United States v. El Herman*, 971 F.3d 784, 786 (8th Cir. 2020)). The court held in *Goddard* that the defendant was required to seek early termination of his supervised release from the court to which supervision was transferred.

In *El Herman* (holding that a First Step Act motion must be resolved by the transferee court), the court explained:

> That the First Step Act gives "[a] court that imposed a sentence" authority to reduce a sentence does not mean that only that court may exercise the authority. If that were so, then the transfer authority of § 3605 would be largely a nullity. The powers granted to a transferee court by § 3605 are powers granted by other statutes to a court that imposes sentence. The powers in subchapter B and D of chapter 227—such as the power to modify, reduce, or enlarge conditions of probation or supervised release, and to revoke a term of probation or supervised release, 18 U.S.C. §§ 3563(c), 3565, 3583(e)(2), (3)—are granted to "the court." This term, using the definite article, consistently refers back within those subchapters to "the court" that imposed a sentence. See 18 U.S.C. §§ 3562(a), 3582(a), 3583(a). Yet **when a sentencing court transfers jurisdiction over a person on probation or supervised release, the transferee court assumes the powers that subchapters B and D give to the court that imposed sentence**. A transferee court likewise may exercise power that the First Step Act grants to a court that imposed sentence, because that power is subject to transfer under § 3605.

971 F.3d at 786 (emphasis added).

This court, in its independent research, did not locate any decisions of courts within the Third Circuit interpreting § 3605 under these precise circumstances. In *United States v. Kaetz*, No. 24-1605, 2024 WL 3717090, at *2 (3d Cir. Aug. 8, 2024), the transferee court did not accept jurisdiction. In *United States v. Gatling*, No. 23-1112, 2023 WL 6617936, at *1 (3d Cir. Oct. 11, 2023), defendant challenged his conviction and sentence, which occurred before the case was transferred. In *United States v. Jones*, 628 F. App'x 149, 152 (3d Cir. 2015), the court affirmed that the transferee court had jurisdiction under § 3605 to revoke the defendant's supervised release, even though the transfer occurred after the violations.

In *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020), the court stated: "[g]enerally, early termination of supervised release under § 3583(e)(1) will be proper only when the **sentencing judge** is satisfied that new or unforeseen circumstances warrant it." *Id.* at 53 (bold added, punctuation omitted). *Melvin* did not, however, involve a defendant whose supervision

4

had been transferred to another jurisdiction. This court is persuaded by the analysis in *El Herman* that the powers of the sentencing court are transferred pursuant to § 3605. In this case, jurisdiction to consider White's motion for early termination of supervised release was transferred to the Southern District of Texas.

### IV.    Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 2) for lack of jurisdiction without prejudice for White to file an appropriate motion in the Southern District of Texas.

An appropriate order follows.

Dated: October 10, 2024                              BY THE COURT:

<u>/s/ JOY FLOWERS CONTI</u>
Joy Flowers Conti
Senior United States District Judge